# St. L., V. & T. H. R. R. Co.
## v.
## Samuel H. Moudy.

*Railroads—Negligence—Sufficiency of Evidence to Support Verdict.*

In an action against a railroad company to recover damages for the killing of a cow through the alleged negligence of defendant, *held:* That there was sufficient evidence to sustain the verdict for the plaintiff.

[Opinion filed November 21, 1890.]

APPEAL from the Circuit Court of Cumberland County; the Hon. C. C. BOGGS, Judge, presiding.

Messrs. L. N. BREWER and T. J. GOLDEN, for appellant.

Messrs. N. L. SCRANTON and ATCHISON & MYLER, for appellee.

WALL, J.    Appellee brought suit before a justice of the peace against appellant for killing a cow and recovered. An appeal was taken to the Circuit Court were four trials were had. In the first there was a disagreement and in the other three the findings were for the plaintiff. A motion for new trial was twice allowed but denied as to the last verdict, and judgment followed accordingly, from which the present appeal was prosecuted.

It appears from the evidence that the cow was struck by appellant's engine on a public crossing. The grounds of negligence charged by plaintiff were, that no statutory signals were given and no proper care was taken to observe the animal and avoid the collision. As to whether the signals were given the evidence is conflicting, the engineer and fireman testifying one way, and five other witnesses testifying to the contrary, while two witnesses who were present said they heard no signals. The plaintiff introduced evidence tending strongly to show that there was nothing to prevent the men in charge of the engine from seeing the cow a considerable

distance from the crossing, and that if they had been properly vigilant and careful they might have seen that she was going directly upon the crossing in front of the train, and that they might have avoided the collision.    According to the testimony of the engineer and fireman, however, they did not see her in time to stop or even to check their speed.    The instructions very fairly stated the law applicable to the case.    Hence, the only question for our decision is whether the evidence sufficiently supports the verdict.    From the foregoing statement it is manifest we can not declare it to be so deficient as to warrant our interference.    Whether the signals were given, and whether, if not, the failure contributed materially to the result, and whether the train men failed to exercise proper care to discover the danger and avert it, were questions for the jury, and we think there is in the proof enough to sustain the conclusion reached, if the jury believed the testimony offered by the plaintiff.    The judgment will be affirmed.

*Judgment affirmed.*